STATE of Missouri, Respondent,

v.

Robert A. VALLEY, Appellant.

No. SD 34882

Missouri Court of Appeals,
Southern District,
Division Two.

FILED: February 13, 2018

Appellant's attorney: Ellen H. Flottman.

Respondent's attorney: Joshua D. Hawley, Atty. Gen., & Nathan J. Aquino, Asst. Atty. Gen.

DANIEL E. SCOTT, J.

Robert Valley shotgunned his wife in the back, unsuccessfully claimed accident, and now appeals his resulting convictions.

## Background[1]

Valley beat Wife too often to count during a 20-year marriage, most frequently and severely during their last 18 months together. One day, after the couple had argued for hours, Valley grabbed a 10-gauge shotgun. As Wife tried to escape, Valley called her "a no good bitch," said she was going to die, and shot her in the back from seven feet away.

The force knocked Wife out the back door, pellets breaking her ribs and perforating her internal organs. She struggled to a neighbor's house and collapsed on the floor, her intestines exposed.

Valley reloaded his gun, then discarded it and fled. He was apprehended the next day. A jury rejected his claim of accident and found him guilty of first-degree assault and armed criminal action. He raises two evidentiary challenges on appeal.

## Point I

■ At trial, Valley denied having told K.C., a few months before the shooting, that he was going to kill Wife. In rebuttal, the state called K.C., who related Valley's statement. Defense counsel moved to strike K.C.'s testimony as too remote in time to be relevant, which the court properly denied. "The passage of time alone will not render evidence inadmissible due

1. Valley does not challenge sufficiency of the evidence, which we summarize favorably to the verdicts per our standard of review. We decline to identify the victim or trial witnesses by name.

2. For example:

to its remoteness." *State v. Prince*, 534 S.W.3d 813, 819 (Mo banc. 2017).

■ Perhaps recognizing this, Valley changes his theory of irrelevance on appeal. Point I now charges that K.C.'s testimony "was irrelevant to the state's theory of the case that [Valley] was a serial abuser who shot [Wife] as part of a pattern of domestic assault."

"Because [Valley] altered the basis of his claim with respect to this argument, it is not preserved for review." *Prince*, 534 S.W.3d at 818 n.2. *See also State v. Sykes*, 480 S.W.3d 461, 465 (Mo. App. 2016). Point I fails.

## Point II

■ Valley also charges court error in refusing to admit Exhibit C, Wife's post-shooting letter professing love for Valley, during the trial's guilt phase. We have examined the record carefully; no such appealable ruling occurred.

*Pretrial*: The court made a pretrial ruling *in limine* limiting guilt-phase use of the letter, which defense counsel argued was "completely relevant" for purposes of impeaching Wife. The court said the letter could be used for that purpose, but would "be excluded unless it becomes relevant during questioning" and defense counsel should approach the bench first in such instance.

*During trial's guilt phase*: Over repeatedly-overruled objections, and without ever offering the letter into evidence, defense counsel extensively used and even quoted from it in cross-examining Wife.[2]

Q. [Wife], you stated that this letter was written only for your eyes?
A. Yes.
Q. And that the intent was to help you heal on the situation?
A. Yes.

■ We can be brief. The pretrial ruling in and of itself preserved nothing for appeal because it was interlocutory and subject to change during the course of the trial. *State v. Evans*, 517 S.W.3d 528, 543 n.9 (Mo. App. 2015). "To preserve a claim of improperly excluded evidence, the proponent must attempt to present the excluded evidence at trial and, if it remains excluded, make a sufficient offer of proof." *State v. Hunt*, 451 S.W.3d 251, 263 (Mo. banc 2014). None of that happened, nor could we discern prejudice in any event. After the letter was admitted without objection in the punishment phase, the jury recommended the maximum sentence for first-degree assault, life imprisonment, plus 30 years on the ACA charge, both of which the court imposed. We deny Point II and affirm the judgment and convictions.

NANCY STEFFEN RAHMEYER, C.J./P.J.—CONCURS

JEFFERY W. BATES, J.—CONCURS

Q. And that the content of the letter was about your previous relationship with Robert Valley?
[PROSECUTOR]: Again, Your Honor, I am objecting to the irrelevance.
THE COURT: It's certainly tenuous, [Prosecutor], but I'm going to allow it. You may continue.
Q. Is that correct, [Wife]?
A. Yes.
Q. But you wrote in here, "hi baby, how are you?" Is that correct?
[PROSECUTOR]: Objection again, Your Honor.
A. Yes.
THE COURT: Do you intend to read the whole letter?
Q. I don't, Your Honor, I just intend to show the tense. It'll be a paragraph at the most, maybe a couple sentences.

THE COURT: Overruled at this point, [Prosecutor].
Q. "I really hope to see you soon." Did you write that?
A. (Moves head up and down.)
Q. Is that a yes?
A. Yes.
Q. "I just want to feel you—your arms, and be held tight for days and days." Did you write that?
A. Yes.

* * *

Q. "I know with you by my side it would be so much better." Did you write that?
A. Yes.